IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| TRAMOND SWINT,<br><br>             Plaintiff,<br><br>v.<br><br>WALMART INC.,<br><br>             Defendant. | Case No. _____<br><br>**NOTICE OF REMOVAL** |

      Defendant Wal-Mart Stores East, LP, incorrectly identified as Walmart Inc. ("Wal-Mart"), in support of its Notice of Removal of the above-captioned action to the United States District Court, District of South Carolina, Charleston Division, from the Court of Common Pleas for the Fifteenth Judicial Circuit, County of Georgetown, State of South Carolina, states:

      1.    Defendant was served via certified mail on June 22, 2009 with the Summons and Complaint in the above-captioned matter originally styled *Tramond Swint v. Walmart Inc.,* in the Court of Common Pleas for the Fifteenth Judicial Circuit, County of Georgetown, State of South Carolina, bearing Case No. 2009-CP-22-0863 (the "Lawsuit"), less than 30 days prior to the date of removal. A copy of the Summons and Complaint is attached hereto as Exhibit A. No further proceedings have been had herein.

      2.    The Lawsuit alleges that Plaintiff was unjustly accused, arrested, and prosecuted for theft of a money bag containing One Hundred Dollars ($100.00) in cash from a Wal-Mart store. Plaintiff further claims that Wal-Mart maliciously published these alleged false accusations on several occasions resulting in various damages and severe emotional distress.

Dockets.Justia.com

3.     At the time the Complaint was served and on the date of removal, the Defendant is and was a legal entity formed under the laws of a state other than the State of South Carolina with its principal places of business in a state other than South Carolina.  Upon information and belief, Plaintiff is a citizen and resident of Georgetown County, State of South Carolina.  Defendant is a corporation organized and existing under the laws of the State of Arkansas.  Accordingly, at the time the Complaint was served and on the date of removal, Plaintiff and Defendant were citizens and residents of different states.  Furthermore, Plaintiff's demand, though not specifically alleged, may exceed $75,000.00, exclusive of interest and costs, as Plaintiff requests damages based on various alleged injuries to his reputation and severe emotional distress.  Since the United States District Court for the District of South Carolina has original jurisdiction over this case under 28 U.S.C. § 1332, Defendant is informed and believes that this action is removable to Federal Court pursuant to 28 U.S.C. § 1441(b).

4.     This Notice of Removal is being filed within the time period required by 28 U.S.C. § 1446(b).

5.     A true and correct copy of this Notice of Removal will be promptly filed with the Clerk of the Court of Common Pleas for the Fifteenth Judicial Circuit, County of Georgetown, State of South Carolina as provided by law.

6.     Written notice of the filing of the Notice of Removal will be given to the adverse parties as required by law.  *See* 28 U.S.C. § 1446(d).

7.     This Notice is signed in accordance with Fed. R. Civ. P. 11.

- 3 -

WHEREFORE, Defendant removes this action from the Court of Common Pleas for the Fifteenth Judicial Circuit, County of Georgetown, State of South Carolina, to this Court.

    /s/ Tigerron A. Wells
Robert Buffington, Federal I.D. No. 01563
*rbuffington@hsblawfirm.com*
Tigerron A. Wells, Federal I.D. No. 09596
*twells@hsblawfirm.com*
HAYNSWORTH SINKLER BOYD, P.A.
1201 Main Street, Suite 2200
Columbia, South Carolina  29201
Telephone:  (803) 779-3080
*Attorneys for Defendant*

Date:  July 21, 2009
Columbia, South Carolina