IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| TRAMOND SWINT,<br><br>               Plaintiff,<br><br>v.<br><br>WALMART INC.,<br><br>               Defendant. | Case No. 2:09-cv-01931-PMD<br><br>**ANSWER** |

     The Defendant Wal-Mart Stores East, L.P., incorrectly identified as Walmart Inc. ("Defendant"), answering the Complaint of the Plaintiff above-named, alleges and would show unto this Honorable Court as follows:

**FOR A FIRST DEFENSE**

     1. Regarding the allegations contained in paragraph 1 of Plaintiff's Complaint, Defendant admits only that Wal-Mart Stores East, L.P. is a Delaware Limited Partnership with its principal place of business in Arkansas, and owns and operates a commercial retail store in Georgetown County, South Carolina.

     2. Defendant admits, upon information and belief, the allegations contained in paragraph 2 of Plaintiff's Complaint.

     3. Defendant admits, upon information and belief, the allegations contained in paragraph 3 of Plaintiff's Complaint.

     4. Defendant admits that Plaintiff was present in Defendant's Georgetown store on December 22, 2008. However, Defendant does not have sufficient information upon which to form a belief as to the accuracy of the additional allegations contained in paragraph 4 of Plaintiff's Complaint, and therefore denies the same.

- 1 -

Dockets.Justia.com

5. Defendant admits, upon information and belief, the allegations contained in paragraph 5 of Plaintiff's Complaint.

6. Defendant admits, upon information and belief, the allegations contained in paragraph 6 of Plaintiff's Complaint.

7. Defendant does not have sufficient information upon which to form a belief as to the accuracy of the allegations contained in paragraph 7 of Plaintiff's Complaint, and therefore denies the same.

8. Defendant denies the allegations contained in paragraph 8 of Plaintiff's Complaint.

9. Defendant denies the allegations contained in paragraph 9 of Plaintiff's Complaint, including all sub-parts of that paragraph.

10. Defendant denies the allegations contained in paragraph 10 of Plaintiff's Complaint.

11. Defendant denies the allegations contained in paragraph 11 of Plaintiff's Complaint.

12. Defendant denies the allegations contained in paragraph 12 of Plaintiff's Complaint.

13. Defendant denies the allegations contained in paragraph 13 of Plaintiff's Complaint.

14. Defendant denies the allegations contained in paragraph 14 of Plaintiff's Complaint.

15. Defendant denies the allegations contained in paragraph 15 of Plaintiff's Complaint.

16. Defendant denies the allegations contained in paragraph 16 of Plaintiff's Complaint.

17. Defendant denies the allegations contained in paragraph 17 of Plaintiff's Complaint.

18. Defendant denies the allegations contained in paragraph 18 of Plaintiff's Complaint.

19. Defendant denies the allegations contained in paragraph 19 of Plaintiff's Complaint.

20. Defendant denies the allegations contained in paragraph 20 of Plaintiff's Complaint.

21. Defendant denies the allegations contained in paragraph 21 of Plaintiff's Complaint.

22. Defendant denies the allegations contained in paragraph 22 of Plaintiff's Complaint.

- 3 -

23. Defendant denies the allegations contained in paragraph 23 of Plaintiff's Complaint.

24. Defendant denies the allegations contained in paragraph 24 of Plaintiff's Complaint.

25. Defendant denies the allegations contained in paragraph 25 of Plaintiff's Complaint.

26. Defendant incorporates it responses to paragraphs 1 through 25 of Plaintiff's Complaint in response to paragraph 26 of Plaintiff's Complaint.

27. Defendant denies the allegations contained in paragraph 27 of Plaintiff's Complaint.

28. Defendant denies the allegations contained in paragraph 28 of Plaintiff's Complaint.

29. Defendant denies the allegations contained in paragraph 29 of Plaintiff's Complaint.

30. Defendant denies the allegations contained in paragraph 30 of Plaintiff's Complaint.

31. Defendant denies the allegations contained in paragraph 31 of Plaintiff's Complaint, including all subparts of that paragraph.

32. Defendant denies the allegations contained in paragraph 32 of Plaintiff's Complaint.

33. Defendant incorporates it responses to paragraphs 1 through 32 of Plaintiff's Complaint in response to paragraph 33 of Plaintiff's Complaint.

34. Defendant denies the allegations contained in paragraphs 34 and 35 of Plaintiff's Complaint.

35. Defendant denies the allegations contained in paragraph 36 of Plaintiff's Complaint.

36. Defendant denies the allegations contained in paragraph 37 of Plaintiff's Complaint.

37. Defendant denies the allegations contained in paragraph 38 of Plaintiff's Complaint.

38. Defendant denies the allegations contained in paragraph 39 of Plaintiff's Complaint, including all subparts of that paragraph.

39. Defendant denies the allegations contained in paragraph 40 of Plaintiff's Complaint.

40. Defendant incorporates it responses to paragraph's 1 through 40 of Plaintiff's Complaint in response to paragraph 41 of Plaintiff's Complaint.

41. Defendant denies the allegations contained in paragraph 42 of Plaintiff's Complaint, including all subparts of that paragraph.

42. Defendant denies the allegations contained in paragraph 43 of Plaintiff's Complaint.

43. Defendant denies the allegations contained in paragraph 44 of Plaintiff's Complaint.

44. Defendant denies the allegations contained in paragraph 45 of Plaintiff's Complaint.

45. Defendant denies the allegations contained in paragraph 46 of Plaintiff's Complaint.

46. Defendant denies the allegations contained in paragraph 47 of Plaintiff's Complaint.

47. Defendant denies the allegations contained in paragraph 48 of Plaintiff's Complaint.

48. Defendant denies all allegations not expressly admitted herein.

**FOR A SECOND DEFENSE**
**(Failure to State a Claim)**

49. Defendant incorporates the above-referenced defenses as if set forth verbatim herein to the extent they are consistent herewith.

50. Defendant alleges Plaintiff's Complaint fails to state sufficient facts to constitute a claim or cause of action against Defendant.

**FOR A THIRD DEFENSE**
**TO ALL CAUSES OF ACTION**
**(Privilege)**

51. Defendant incorporates the above-referenced defenses as if set forth verbatim herein to the extent they are consistent herewith.

52. Defendant would show, upon information and belief, that the allegedly libelous communications complained of were subject to absolute, qualified, or common law privilege. Accordingly, liability for any such statements is barred.

**FOR A FOURTH DEFENSE**
**TO ALL CAUSES OF ACTION**
**(Punitive Damages)**

53. Defendant incorporates the above-referenced allegations as if set forth verbatim herein to the extent they are consistent herewith.

54. Defendant alleges that any award of punitive damages to Plaintiff would violate the constitutional safeguards provided to Defendant by the Due Process Clause of the Fourteenth Amendment of the United States Constitution and under the Due Process Clause of Article I, Section 3 of the South Carolina Constitution because the determination of punitive damages does not bear any reasonable relationship to the amount of actual damages, if any, suffered by or awarded to Plaintiff.

**FOR A FIFTH DEFENSE**
**(Punitive Damages)**

55. Defendant incorporates the above-referenced allegations as if set forth verbatim herein to the extent they are consistent herewith.

56. Defendant alleges Plaintiff's claim for punitive damages violates the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 3 of the South Carolina Constitution in that, even if it could be argued the standard governing the imposition of punitive damages exists, the standard would be void due to vagueness.

**FOR A SIXTH DEFENSE**
**(Punitive Damages)**

57. Defendant incorporates the above-referenced allegations as if set forth verbatim herein to the extent they are consistent herewith.

58. Defendant alleges Plaintiff's claim for punitive damages violates the equal protection clause of the Fourteenth Amendment to the United States Constitution and Article I,

- 6 -

Section 3 of the South Carolina Constitution in that the amount of punitive damages is based upon the wealth of the Defendant.

## FOR AN SEVENTH DEFENSE
### (Truth)

59. Defendant incorporates the above-referenced allegations as if set forth verbatim herein to the extent they are consistent herewith.

60. Defendant would show, upon information and belief, that to the extent the Defendant made any statement to a third party regarding Plaintiff, said statements are substantially true. Accordingly, liability for any such statement is barred.

WHEREFORE, having fully responded to Plaintiff's Complaint, Defendant Wal-Mart Stores East, L.P. prays that the same be dismissed, for an award and for costs, and for such other and further relief as the Court deems just and proper.

HAYNSWORTH SINKLER BOYD, P.A.

By:   /s/ Tigerron A. Wells
Robert Buffington, Federal I.D. No. 01563
*rbuffington@hsblawfirm.com*
Tigerron A. Wells, Federal I.D. No. 09596
*twells@hsblawfirm.com*
1201 Main Street, Suite 2200
Columbia, South Carolina 29201
Telephone: (803) 779-3080
*Attorneys for Defendant*

Date: July 28, 2009
Columbia, South Carolina